

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No.: 24-00737 |
| | Chapter 13 |
| Deborah Jane Waltrip, | |
| Debtor. | Related: ECF 109 |

## ORDER REGARDING
## <u>APPLICATION FOR COMPENSATION</u>

The applicant seeks approval of $4,607.00 in attorney's fees for work performed in a debtor's chapter 13 case. The chapter 13 trustee objects, arguing that the applicant improperly withdrew the fees from its client trust account before earning them and that the applicant's paralegal work was unsupervised.

1

I.  Background

   A. The Presumptive Fee Process

All fees for a chapter 13 debtors' attorney are subject to bankruptcy court review for reasonableness.[1] Ordinarily, counsel must file a fee application with detailed timesheets that reflect hours actually spent on the case and the attorney's hourly rate. The court considers the application at a noticed hearing.

But like many courts we have established a streamlined procedure adopting the use of presumptive fees in chapter 13 cases.  Prior to commencing a chapter 13 case, the debtor and the debtor's attorney agree to a "Chapter 13 Rights, Responsibilities and Fee Agreement" (the "Fee Agreement").[2] As its title suggests, this agreement outlines the rights and responsibilities of both parties and specifies how the attorney will be paid throughout the case. Namely, the parties may choose either a standard fee application or a "presumptive fee."

---

[1] 11 U.S.C. § 330(a)(4)(B).
[2] Local Form H2016R.

2

An attorney who accepts the presumptive fee does not need to file a fee application accompanied by timesheets. Under the presumptive fee, the parties agree to a flat fee of $5,000.00 for the pre- and post-petition services outlined in Part A-2 and A-4 of the Fee Agreement.[3] These tasks encompass all services typically required in a chapter 13 case, such as preparing and explaining required documents, advising the debtor, filing and modifying plans, responding to objections and stay motions, providing other necessary services, and communicating with the debtor throughout the case. The court approves the presumptive fee in the order confirming the chapter 13 plan, and counsel is entitled to immediate payment of the entire presumptive fee (even though it covers certain post-confirmation services that counsel has not yet rendered).

The presumptive fee is not an hourly fee. Rather, it is a flat fee for specified services. It is also not a retainer deposit to secure an hourly fee. But an attorney "may request a reasonable amount of funds from the debtor for deposit in the attorneys' client trust account to prepay the

---

[3] ECF 6, Local Form H2016R at 2, 4.

attorney fees." The attorney may withdraw funds from the trust account before the petition is filed "for services completed up to that point."[4] After the petition is filed, the attorney may not withdraw any funds from the trust account without court approval.[5]

An attorney who seeks compensation for additional services not covered by the presumptive fee, such as certain types of preconfirmation contested matters and certain services rendered more than a year after plan confirmation, must file a standard fee application.[6]

This presumptive fee procedure is consistent with the Local Bankruptcy Rule ("LBR") 2016-1(g)(4), providing that:

> [u]nless fully earned and withdrawn from a client trust account prior to the filing of the petition, any funds paid to the attorney by or on behalf of the debtor for services in or in connection with the chapter 13 case must remain in a client trust account pending entry of a court order approving the compensation.

The procedure is also consistent with the Hawaii Rules of Professional Conduct ("HRPC") stating that "[f]ee payments received by a

---

[4] *Id.* at 5.
[5] *Id.*
[6] *Id.* at 7.

4

U.S. Bankruptcy Court - Hawaii    #24-00737    Dkt # 119    Filed 11/21/25    Page 4 of 11

lawyer before legal services have been rendered are presumed to be unearned and shall be held in a trust account."[7]

The Ninth Circuit has held that presumptive fee procedures like ours are consistent with the Bankruptcy Code.[8]

## B. Factual Background

Deborah Waltrip filed a petition for chapter 13 relief on August 12, 2024, with Cain Herren & McKelvey, ALC (the "applicant") as her counsel.[9] At the commencement of the case, Ms. Waltrip and the applicant signed the Fee Agreement, agreeing to the $5,000.00 presumptive fee for standard services.[10] Ms. Waltrip had paid the full $5,000.00, and the applicant deposited it into the client trust account, prior to the filing.[11]

On or before the petition date, the applicant transferred $4,960.00 from Ms. Waltrip's client trust account to the applicant's operating

---

[7] HRPC Rule 1.5(b).
[8] *Id; Eliapo v. Devin Durham–Burk; U.S. Trustee (In re Eliapo),* 468 F.3d 592, 598–600 (9th Cir. 2006) (holding that there is "nothing in § 330 that prevents a bankruptcy court from issuing and then relying on guidelines establishing presumptive fees for routine Chapter 13 cases").
[9] ECF 1.
[10] ECF 6, Local Form H2016R.
[11] ECF 1 at 33.

account.[12] The applicant paid the filing fee, credit counseling fee, and debtor education fee and kept the balance of $4,607.00 for its attorneys' fees.[13]

Between January 31, 2025, and June 10, 2025, the applicant received four post-petition payments totaling $1,900.00 from Ms. Waltrip.[14] For each payment, the applicant filed a corresponding supplemental disclosure of compensation.[15]

After several unsuccessful attempts to confirm a plan and persistent opposition from a creditor, the applicant moved to withdraw as counsel on July 7, 2025.[16] The following day, the applicant refunded Ms. Waltrip's post-petition payments of $1,900.00.[17] At the hearing on August 5, 2025, the applicant cited irreconcilable disagreements with Ms. Waltrip as the basis for withdrawal.[18] The court granted the motion, subject to the applicant remitting $4,607.00 to the chapter 13 trustee and filing a fee application

---

[12] *Id.*
[13] *Id.*
[14] ECF 86 at 4; ECF 46; ECF 49; ECF 64; ECF 73.
[15] *Id*; Local Form H2016B.
[16] ECF 77.
[17] ECF 86.
[18] ECF 102.

6

within 30 days of the order's entry.[19]

The applicant timely filed a fee application on September 8, 2025, requesting $4,607.00.[20] This court held a hearing on October 29, 2025. David Cain appeared for the applicant, and Bradley Tamm appeared for the chapter 13 trustee.

The trustee objects to the fee application, arguing that the applicant cannot withdraw the entire advance fee upon filing the petition because this violates the terms of the Fee Agreement and LBR 2016-1(g).[21] Further, the trustee asserts that fees should not be awarded for paralegal services when they were not rendered under the direct supervision of a licensed attorney. The trustee argues the court should deny the fee application in its entirety.[22]

In reply to the trustee's objection, the applicant contends that the $4,607.00 was a retainer intended to cover the duration of the debtor's

---

[19] ECF 103 at 2.
[20] ECF 109.
[21] ECF 111 at 5.
[22] *Id.* at 9.

7

U.S. Bankruptcy Court - Hawaii   #24-00737   Dkt # 119   Filed 11/21/25   Page 7 of 11

case.[23] The applicant also notes that while the estimated post-petition fees in Ms. Waltrip's case were approximately $4,000.00, the applicant refunded all of Ms. Waltrip's $1,900.00 post-petition payments.[24] The applicant further asserts that the paralegal's work was performed under the direct supervision of a licensed attorney and did not constitute the unauthorized practice of law.[25] Lastly, the applicant proposes submitting an amended fee application or proposed order excluding $1,020.00 in paralegal fees, thus seeking approval of a reduced total of $3,587.00.[26]

II. Discussion

### A. The Applicant Prematurely Withdrew the Deposit from Its Client Trust Account

The applicant incorrectly characterizes the $4,607.00 portion of the presumptive fee as a retainer that "lasts throughout the debtor's completion of the case."[27] That characterization is mistaken. As explained above, the presumptive fee is a flat fee, not an hourly fee. If an attorney

---

[23] ECF 113 at 2.
[24] *Id*. at 6.
[25] *Id.* at 7.
[26] *Id.*
[27] ECF 113 at 2.

agrees to the presumptive fee, the attorney may withdraw any prepetition deposit before filing the petition only to the extent that the attorney has completed the services covered by the presumptive fee. This amount might or might not correspond with the number of hours the attorney has expended to date. For example, if the attorney has completed half of the work covered by the presumptive fee by the petition date, the attorney could withdraw no more than half of the presumptive fee, even if the number of hours spent by the attorney on the case multiplied by the attorneys' hourly rate is more than half of the amount deposited.

According to the applicant's timesheets, the applicant completed only some of the tasks in Part A-2, which cover pre-petition work, and had not begun any of the tasks required under Part A-4 at the time of the withdrawal.[28] The $4,607.00 withdrawn by the applicant represents more than 90 percent of the total presumptive fee. To properly withdraw that amount under the Fee Agreement, the applicant would have needed to complete more than 90 percent of the required services in Ms. Waltrip's

---

[28] ECF 109 at 3-5; ECF 6, Local Form H2016R at 2, 4.

case. That level of completion is not possible before the petition is filed.

While the applicant was entitled to withdraw some of the fees associated with the work they completed under Part A-2, the applicant was not entitled to withdraw as much as $4,607.00 at that stage of the case.[29]

## B. No Evidence of Unauthorized Practice of Law

Neither the trustee nor Ms. Waltrip has presented convincing evidence that the applicant's paralegal engaged in the unauthorized practice of law.[30] The absence of billed attorney time entries does not, by itself, indicate a lack of supervision. While it is good practice for an attorney to document all time spent on a case, whether billed or not, the absence of such entries does not demonstrate that supervision did not occur. There is no convincing evidence that the paralegal acted unsupervised. Perhaps more importantly, I am convinced that all of the

---

[29] ECF 111 at 6. It is clear from the record that the applicant devoted substantial time to the case after filing the petition. But the applicant does not argue that it is entitled to compensation for those post-petition services or explain why it is entitled to the presumptive fee even though no plan was confirmed.
    It is also worth noting that the applicant should not have requested Ms. Waltrip's $1,900.00 post-petition payments. ECF 36. The applicant states that these post-petition payments were applied to research, review, and responses to a creditor's motion for relief from stay, objections to the amended plan, and court appearances. *Id*. at 2. But these services are covered by Part A-4 of the Fee Agreement, so the presumptive fee covers them. The applicant should not have collected these amounts from Ms. Waltrip and appropriately refunded those payments to her.
[30] ECF 111; ECF 115.

services provided by the applicant, including by the paralegal, were competently performed.

### III. Conclusion

I find that the reduced amount proposed by the applicant represents a reasonable award, although not for the reasons advanced by the applicants.

The applicant proposes a $1,020.00 reduction to account for a portion of the paralegal's time entries. But I have rejected the contention that the paralegal was not properly supervised, and I have found that her work was competent.

But a reduction in about the same amount is an appropriate response to the applicant's premature withdrawal of funds from the client trust account. Accordingly, I will reduce the applicant's fee by $1,000.00, and the applicant is entitled to receive $3,607.00.

**END OF ORDER**